IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL F. BROWN,

        Plaintiff,

                                                                                  Case No. 25-cv-808-wmc

   v.

CO SPADFORD *et al.*,

        Defendants.
_____

       On September 30, 2025, I ordered plaintiff Michael F. Brown to pay $2.75 toward the filing fee for this case. That partial assessment was based on his trust fund account statements from Dodge Correctional Institution and Waupun Correctional Institution, dkts. 3 and 3-1, which show that plaintiff receives regular deposits into his account. Now plaintiff has filed a motion to waive the initial partial payment, explaining that he currently lacks sufficient funds. *See* Dkt. 5. For the following reasons, the motion is DENIED.

       In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine how much a prisoner seeking leave to proceed *in forma pauperis* must pay to file a new civil action or appeal in federal court. The statute says: "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

       In *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), the Seventh Circuit held that "[a] prisoner with periodic income has means even when he lacks assets." *Newlin* at 435. When a prisoner has means, the initial partial filing fee should come "off the top of the next deposit of prison wages, followed by 20 percent of each succeeding month's income until [the filing fee] has been paid." *Id*.

It's not clear from plaintiff's account statements whether deposits into his account are prison wages or something else.  A typical entry reads, "Involuntary Unassigned|001|7/13/25-7/26/25|Reg: 80@$.05 [Amount] $4.00."  But deposits they are.  The court cannot waive an initial partial assessment that is required by statute unless plaintiff shows he lacks the *means* to make the payment.  Plaintiff's one-page hand-written letter asserting that "I currently have no sufficient fund[s]" is not a sufficient showing.

## ORDER

IT IS ORDERED:

1. Plaintiff Michael F. Brown's motion to waive the initial partial filing fee of $2.75 is DENIED.  Plaintiff may have until November 28, 2025, to make the payment as ordered.

2. If plaintiff fails to make the payment by November 28, 2025, or fails to show cause why he could not make the payment, then I will assume plaintiff wishes to withdraw this action voluntarily and the case will be dismissed without prejudice.  If plaintiff submits the payment within 30 days of dismissal, then his case will be reopened, and his complaint will be screened under 28 U.S.C. § 1915(e)(2).  The court will not reopen the case after 30 days unless plaintiff shows he is entitled to relief under Fed. R. Civ. P. 60(b).

Entered this 31st day of October, 2025.

BY THE COURT:

\_\_\_\_/s/_____
ANDREW R. WISEMAN
U.S. Magistrate Judge